**Riyan FNU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–70634.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 25, 2008.

Ray Hellwig, Law Offices of Ray Hellwig, Alhambra, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard Zanfardino, Washington, DC, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Riyan FNU ("Family Name Unknown"), a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for substantial evidence, *Gormley v. Ashcroft,* 364 F.3d 1172, 1176 (9th Cir.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

2004), we deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that changed circumstances excused the untimely filing of petitioner's asylum application. *See Ramadan v. Gonzales,* 479 F.3d 646, 648, 656–58 (9th Cir.2007) (per curiam). We reject petitioner's equitable relief contention.

Substantial evidence supports the denial of withholding of removal. *See Gormley,* 364 F.3d at 1176. With respect to past persecution, petitioner failed to establish that the stabbing incident was on account of a protected ground or that it was committed by forces the government was unwilling or unable to control. *See id.* at 1176–77. Furthermore, even if the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922 (9th Cir.2004) applies in the context of withholding of removal, petitioner has not demonstrated a clear probability of future persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir.2003). Further, the record does not establish that petitioner demonstrated a pattern or practice of persecution against ethnic Chinese non-Muslim Indonesians. *See Lolong v. Gonzales,* 484 F.3d 1173, 1178–81 (9th Cir.2007) (en banc).

By failing to raise the CAT claim to the BIA, petitioner failed to exhaust his administrative remedies and we have no jurisdiction over the claim. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft,* 358 F.3d 674, 676–78 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.